NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LORENZO OLIVER, <br><br>                Plaintiff, <br>v. <br><br><br>DEPARTMENT OF HUMAN SERVICES, et al., <br><br>                Defendants. | Civil Action No.: 09-5336 (JLL) <br><br><br>**ORDER** |

**LINARES**, District Judge.

This matter comes before the Court by way of a motion for default judgment by Plaintiff Lorenzo Oliver ("Plaintiff" or "Oliver") as to Defendants Clerke Bruno and Steve Johnson (CM/ECF No. 47). Defendant Steve Johnson timely opposed Plaintiff's motion. The Court notes at the outset that although Defendant Bruno did not oppose the instant motion, he was dismissed from this action on March 1, 2013. (CM/ECF No. 46; see CM/ECF No. 38). No oral argument was heard pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendants motion for default judgment is DENIED.

As the Court writes only for the parties and has already detailed the facts and procedural history of this case, it will only recite same as is relevant to the instant discussion. Plaintiff commenced this action on October 19, 2009, and submitted a proposed amended complaint thereafter. (CM/ECF No. 1, 5). By way of Opinion and Order issued on July 16, 2012, this Court dismissed Plaintiff's Complaint. (CM/ECF Nos. 29, 30). Plaintiff filed a Second Amended Complaint on August 22, 2012. (CM/ECF No. 31). The Court dismissed Plaintiff's

Second Amended Complaint as to Defendant Merril Main and Defendant George Hayman. (CM/ECF Nos. 38, 39).  On January 30, 2013, the Court issued a Notice of Call for Dismissal for failure to effect service of the summons and complaint within 120 days of the filing of the complaint, and advising Plaintiff that if he did not file proof of service with the Clerk of the Court, his action would be dismissed.  (CM/ECF No. 40).  The executed summons submitted by Oliver indicates that Plaintiff served Johnson on January 18, 2012.  Notably, given that Plaintiff filed an Amended Complaint on August 22, 2012, there is no indication that Defendant Johnson was served with the Second Amended Complaint.  In response to a letter from the Court directing Plaintiff to move this civil action, Oliver filed a motion for default judgment on March 4, 2013.  (CM/ECF No. 47).  Notably, Plaintiff Oliver did not first request that the Clerk's Office "enter the party's default."  Fed. R. Civ. P. 55(a); Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008).  In any event, in order to obtain the entry of default against a defendant, the defendant must have been served with the operative complaint.  In opposition to the instant motion, Defendant Johnson states that "[b]ecause plaintiff has not ever served Johnson with the second amended complaint, and Johnson is now represented by counsel, he would treat an electronic court filing from plaintiff as the date of service, in order to avoid further unnecessary delay."  (Def.'s Opp'n. 5).  Accordingly,

IT IS on this ___/___ day of March, 2013,

ORDERED that Plaintiff's motion for default judgment is DENIED as procedurally defective; and it is further

ORDERED that Defendant may submit a response within thirty days of the date herein.

SO ORDERED.

Jose L. Linares
United States District Judge

2