**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LORENZO OLIVER,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF HUMAN SERVICES et al.,<br><br>Defendants. | Civil Action No.: 09-5336 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge.

Currently before the Court is a motion to dismiss Plaintiff Lorenzo Oliver's ("Plaintiff" or "Oliver") Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendant Steve Johnson ("Defendant" or "Johnson"). (CM/ECF No. 55). Plaintiff filed an Opposition on June 21, 2013. (CM/ECF No. 59). Defendant did not file a Reply. The Court has considered the submissions of the parties and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons detailed below, the Court grants Defendant Johnson's motion to dismiss.

I.     **BACKGROUND**

The Court will not set forth the procedural history and factual background in detail, as it has previously done so. On July 16, 2012, this Court dismissed Plaintiff's Amended Complaint for failure to state a claim. (CM/ECF Nos. 29-30). On August 22, 2012, Plaintiff filed a Second

1

Amended Complaint ("SAC") in which he alleged various violations of 42 U.S.C. § 1983 and 29 U.S.C. § 794. (CM/ECF No. 31).

In addition to Defendant Johnson, the Second Amended Complaint also leveled claims against Defendants Clerke Bruno, George W. Hayman, and Dr. Merril Main. Defendants Hayman and Main filed motions to dismiss for failure to state a claim. (CM/ECF Nos. 32, 34). The Court dismissed the SAC with prejudice as to Defendant Main, and without prejudice as to Defendant Hayman.[1] (CM/ECF Nos. 38-39). For the same reasons stated in that Opinion, the SAC was subsequently dismissed with prejudice as to Defendant Bruno. (CM/ECF No. 46). Defendant Johnson now moves to dismiss the SAC as well.

Defendant Johnson is the former Assistant Superintendent of the Special Treatment Unit ("STU"), where Plaintiff is civilly committed pursuant to the New Jersey Sexually Violent Predator Act ("SVPA"), N.J.S.A. 30:4-27.24 et seq. Plaintiff's claims stem from the denial of his request to create a "Residents Legal Association" ("RLA"), an organization which would allegedly "give residents the freedom to provide legal services, [and] social advocacy for the protection of their [f]ederal and [s]tate [c]onstitutional and [s]tatutory [r]ights." (SAC ¶ 1). As discussed in greater detail in the Court's previous Opinion, Plaintiff submitted the proposal to Defendant Dr. Natali Barone, Defendant Clerke Bruno, and Defendant George W. Hayman.

Plaintiff also alleges that he submitted the proposal to Defendant Johnson through an individual identified as "Chief Buchanan" on June 9, 2009. (SAC ¶ 10). Plaintiff alleges that he received no response from Defendant Johnson. (SAC ¶ 12). As Assistant Superintendent of the STU, Defendant Johnson was allegedly "responsible for the custody, care and daily running of

---

[1] The Court granted Plaintiff thirty days to amend the complaint as to claims dismissed against Defendant Hayman, as well as any other administrators against whom Plaintiff had claims. (CM/ECF No. 39). Plaintiff did not do so.

2

the institution. He was also responsible of [sic] [STU's] employees, policies and procedures." (SAC ¶ 5). Accordingly, Oliver asserts that pursuant to N.J.A.C 10A:12-2, Defendant Johnson had a duty to review his request to create a resident organization within a reasonable period of time, and that the lapse of this duty failed to protect plaintiff's rights. (SAC ¶ 11).

On July 21, 2009, Plaintiff allegedly received a response from Bettie Narris, "Director of the Division of [O]peration for the Department of Corrections," denying Plaintiff's request due to the following: "the Department of Public Advocate has been designed to represent STU residents in legal matters, there for [sic] no further action is necessary at this time." (SAC ¶ 15).

The SAC asserts the following causes of action against Defendant Johnson: (1) violation of Plaintiffs "right to Association, Freedom of Expression, Due Process[,] and to Assemble" pursuant to the First and Fourteenth Amendments to the United States Constitution (Count I); (2) Defendant Johnson's "fail[ing] to make any policies or take any action to protect Plaintiff's [c]onstitutional right to form, join or operate a residents group," in violation of the First and Fourteenth Amendments (Count III); and (3) "knowingly discriminat[ing] against the plaintiff, because of his classification as a [s]exual[ly] [v]iolent [p]redator" in violation of the Rehabilitation Act, 29 U.S.C. § 794 for "restricting him" from creating the Residents Legal Association (Count IV).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl.*

3

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's short and plain statement of the claim must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Further, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555, 557). Accordingly, "conclusory or 'bare-bones' allegations" will not survive a 12(b)(6) motion to dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) ("[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

While the requirements of the Federal Rules of Civil Procedure apply to all parties, the allegations of a *pro se* plaintiff, "however inartfully pleaded," are held to less stringent standards than those pleadings prepared by lawyers. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Alston v. Parker*, 363 F.3d 229, 233-34 (3d Cir. 2004). Courts must also apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer,* 293 F.3d 683, 688 (3d Cir. 2002)).

While the Third Circuit has adopted a liberal approach to the amendment of pleadings, leave to amend a complaint should not be permitted if it would be futile. *See Grayson v.*

*Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). "Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)) (internal quotations omitted).

### III. LEGAL DISCUSSION

Plaintiff's causes of action primarily two distinct types of claims: 1) claims brought under 42 U.S.C. § 1983 regarding the alleged denial of the request to form the RLA; and 2) violation of section 504 of the Rehabilitation Act, 29 U.S.C. § 794. The Court will discuss each in turn.

As an initial matter, however, in opposition to the instant motion, Plaintiff alleges facts not contained in the SAC. "[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). Thus, the Court will limit its consideration to only those allegations in the SAC.

#### A. § 1983 Claims

Plaintiff alleges that Defendant violated his constitutional rights by denying his request to form the RLA, and sues him in his individual capacity under 42 U.S.C. § 1983. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

5

42 U.S.C. § 1983. Therefore, as previously stated by this Court, to state a claim for relief under § 1983, a plaintiff must allege two elements: (1) a person deprived him or caused him to be deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States; and (2) the deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

"A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)) (alteration supplied). Plaintiff does not sufficiently allege individual involvement on the part of Defendant Johnson. Accordingly, as currently pled, the SAC fails to state a claim upon which relief may be granted as to Defendant Johnson as well.

Plaintiff's Complaint provides that Defendant Johnson had a duty to review Plaintiff's request to form the RLA. The Complaint alleges that Defendant Johnson was the Assistant Superintendent of the STU and that he was "responsible for the custody, care and daily running of the institution . . . [and] responsible of [sic] STU's employees, policies and procedures." (SAC ¶ 5). Further, it provides that "[u]nder the Department of Corrections Administrative Code, only the Commissioner or the Asst. Commissioner can approve or disapprove a request to establish a group, (organization) under the Department of Corrections jurisdiction, N.J.A.C. 10A:12-2.1." (SAC ¶ 14).

6

As this Court explained in its previous Opinion dismissing the SAC as to Defendants Main and Hayman, the Supreme Court has held that:

> Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. . . . [A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution. . . . [P]urpose rather than knowledge is required to impose [constitutional] liability on . . . an official charged with violations arising from his or her superintendent responsibilities.

*Iqbal*, 556 U.S. at 676. *See also Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a *respondeat superior* theory of liability."). Accordingly, Defendant Johnson argues, and the Court agrees, that the Complaint does not allege sufficient individual involvement by Defendant Johnson.[2]

In opposition to the instant motion, Plaintiff states that "[d]uring a community meeting at STU's Annex at the beginning of July 2009 the plaintiff asked Mr. Johnson was he going to let him form the [RLA]. Mr. Johnson told the plaintiff that he got the proposal, but did not reach a decision on whether he would permit the creation of the Residents Legal Association." (Pl.'s Opp'n. 3-4). As discussed above, however, Plaintiff may not amend the SAC through his Opposition.

In any event, the Department of Corrections ultimately denied the proposal to create the RLA on July 21, 2009. Plaintiff allegedly received a response from Bettie Narris, "Director of the Division of [O]peration for the Department of Corrections," denying Plaintiff's request due to the following: "the Department of Public Advocate has been designed to represent STU residents in legal matters, there for [sic] no further action is necessary at this time." (SAC ¶ 15). Plaintiff dedicates much of his Opposition to arguing that Defendant Johnson shirked his duties

---

[2] In addition, in its previous opinion, the Court explained that the SAC fails to sufficiently allege a constitutional violation based on a failure to create policies or take action to protect Plaintiff's right to create the RLA. (CM/ECF No. 38, 5-8).

7

by failing to "send plaintiff an answer to his proposal, even after plaintiff asked." (Pl.'s Opp'n. 8-9). However, there is no indication that any of the individual defendants, including Defendant Johnson, were obligated to respond separately.[3]

For these reasons, Plaintiff's § 1983 claims fail to establish sufficient personal involvement by Defendant Johnson, or are based solely on an impermissible theory of *respondeat superior* liability. Accordingly, the Court dismisses Oliver's § 1983 claims without prejudice, insofar as he can allege constitutional violations committed by Defendant Johnson.

## B. Rehabilitation Act

Plaintiff additionally asserts that Defendant's actions violate Section 504 of the Rehabilitation Act. The Court previously dismissed this claim as to all other Defendants because the SAC does not allege a disability within the meaning of the Rehabilitation Act. As explained in the Court's previous Opinion, Section 504 provides, in relevant part, as follows:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency . . .

29 U.S.C. § 794(a).

As stated in the SAC, Plaintiff alleges that Defendant "knowingly discriminated against the [P]laintiff, because of his classification as a [s]exual [v]iolent [p]redator[] (a civil [sic] committed person)." (SAC ¶ 21). The Court previously explained, however, that the Rehabilitation Act categorically exempts certain disorders from the definition of disability,

---

[3] The Court notes, for the sake of completeness, that Plaintiff argues in Opposition that the request was not sent "as soon as possible," which he takes to mean within ten days. Accordingly, Oliver submits that the response, received five weeks after submission of the proposal, violated the statute. However, Plaintiff points to no authority in support of that position.

8

including that alleged in the SAC. (CM/ECF No. 38, 11-12); 29 U.S.C. § 705(20)(F)(i) ("For the purposes of [29 U.S.C. § 794] . . . the term 'individual with a disability' does not include an individual on the basis of (i) transvestism, transsexualism, pedophilia, exhibitionism, voyeurism, gender identity disorders not resulting from physical impairments, or other sexual behavior disorders."); *see Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007); *see also Yeskey v. Pa. Dep't of Corr.*, 118 F.3d 168, 170 (3d Cir. 1997). Therefore, insofar as Plaintiff is alleging that he was discriminated against on the basis of his classification as a sexually violent predator, he does not have a viable Rehabilitation Act claim.

As addressed in the Court's previous opinion, Plaintiff's Opposition once again refers to conditions not referenced in the SAC. As discussed above, however, in considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may only consider facts alleged in the complaint. Accordingly, Plaintiff's Rehabilitation Act Claim premised upon his "classification as a sexually violent predator" is dismissed with prejudice. The Court dismisses Oliver's Rehabilitation Act claim without prejudice only insofar as he can allege a disability within the meaning of the Act.

## IV. CONCLUSION

For the foregoing reasons, the Court grants Defendant's motion to dismiss the SAC. Accordingly, the Court dismisses without prejudice Plaintiff's § 1983 claim as to Defendant Johnson insofar as Plaintiff can articulate allegations which raise a plausible right to relief under § 1983. The Court also dismisses Plaintiff's Rehabilitation Act Claim without prejudice, to the extent that Plaintiff can allege a disability within the meaning of the Act. The Court dismisses

9

with prejudice Plaintiff's Rehabilitation Act claim premised upon his "classification as a sexually violent predator."

An appropriate Order accompanies this Opinion.

Dated: 7/15/13

Jose L. Linares
United States District Judge